NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID HALPERN,**

*Plaintiff-Appellant,*

v.

**PERITEC BIOSCIENCES, LTD., PERITEC BIOSCIENCES,
RAJESH K. KHOSLA, AND TIMUR SARAC,**

*Defendants-Appellees.*

---

2010-1042

---

Appeal from the United States District Court for the Northern District of Ohio in case No. 07-CV-3040, Judge John R. Adams.

---

Decided: June 23, 2010

---

JOHN A. HUETTNER, of Shaker Heights, Ohio, argued for plaintiff-appellant.

TIMOTHY W. HAGAN, Dinsmore & Shohl LLP, of Dayton, Ohio, argued for defendants-appellees. On the brief

were MICHAEL W. HAWKINS, CHARLES H. BROWN, III, and JOSHUA A. LORENTZ, of Cincinnati, Ohio.

—————————————

Before RADER, *Chief Judge*, BRYSON, and DYK, *Circuit Judges.*

BRYSON, *Circuit Judge.*

David Halpern filed a complaint in the United States District Court for the Northern District of Ohio in which he asserted ten claims against PeriTec Biosciences, Ltd., PeriTec Biosciences, Rajesh Khosla, and Timur Sarac (together "defendants"). The district court dismissed two of the claims under Fed. R. Civ. P. 12(b)(6), and exercised its discretion not to address the remaining claims under its supplemental jurisdiction. On appeal, Mr. Halpern challenges the judgment with respect to only one of the ten claims. For the reasons stated below, we affirm.

I

In his complaint, Mr. Halpern alleged that the defendants selected him to "assist in the design of a catheter delivery system for tissue-lined [vascular] stents." As part of their employment offer, Mr. Halpern alleged, the defendants agreed to compensate him with a salary, bonuses, and "equity units" in PeriTec. However, despite what Mr. Halpern refers to as his subsequent "association" with PeriTec, he contends that the employment agreement formalizing the terms and conditions of his employment with PeriTec was "never fully executed." The complaint further alleged that Mr. Khosla and Mr. Sarac filed patent applications for two devices that Mr. Halpern invented—a stent compressing device and a cartridge device for delivering stents within the vascular system. Those applications, according to Mr. Halpern, failed to

correctly identify him as the sole inventor of the claimed devices.

The second claim in Mr. Halpern's complaint was entitled "Patent Rights" and was brought under the authority of the Patent Act, 35 U.S.C. §§ 1 et seq.  In that claim, Mr. Halpern alleged that he had invented and reduced to practice the stent compressing device and the cartridge device, but that defendants Sarac and Khosla had filed patent applications for those devices in which they improperly named themselves as inventors and failed to name him as the sole inventor.  As relief, Mr. Halpern sought an order enjoining the defendants "from 'patent pending' marketing, testing, and the exercise of provisional patent rights . . . during the pendency of proceedings to correct inventorship on the patent applications."

The defendants moved to dismiss all the claims of the complaint.  With respect to the Patent Rights claim, the defendants moved to dismiss for failure to state a claim upon which relief could be granted.  In their motion, they relied principally on a letter agreement dated March 24, 2005, to which Mr. Halpern had referred in his complaint.  That letter stated that the employment agreement between PeriTec and Mr. Halpern was made contingent upon Mr. Halpern's execution of certain other documents, which included a document entitled "Confidential Information and Invention Assignment Agreement."  Paragraph 5 of the Confidential Information and Invention Assignment Agreement provided as follows, in pertinent part:

> Assignment of Inventions.  Without further compensation, I hereby agree promptly to disclose to the Company and I hereby assign and agree to assign to the Company or its designee, my entire

right, title, and interest in and to all Inventions which I may solely or jointly develop or reduce to practice during the period of my employment or consulting relationship with the Company which (a) pertain to any line of business activity of the Company, (b) are aided by the use of time, material or facilities of the Company, whether or not during normal working hours, or (c) relate to any of my work during the period of my employment or consulting relationship with the Company, whether or not during normal working hours. I acknowledge a permanent obligation promptly to execute assignments of Inventions covered by conditions (a), (b) or (c), herein, to the Company even after my relationship with the Company has been terminated.

That document bears Mr. Halpern's signature and the date March 29, 2005. The defendants argued that by executing that document, Mr. Halpern prospectively and unequivocally surrendered his alleged patent rights at the outset of his employment with PeriTec. That assignment of rights was applicable to the two inventions at issue in this case, the defendants argued, because both inventions relate to the work that Mr. Halpern was hired to perform. Accordingly, the defendants argued that the Patent Rights claim should be dismissed.

The district court dismissed all of Mr. Halpern's claims. The court dismissed the Patent Rights claim under Rule 12(b)(6), stating that Mr. Halpern "has absolutely no right[s] in the pending patent applications" because he had assigned those rights to PeriTec. The court added that "[a]ssuming arguendo that the plaintiff does have rights in the applications, he should proceed

through the U.S. Patent and Trademark Office for the relief he currently seeks from this Court."

On appeal, Mr. Halpern does not challenge the district court's order of dismissal with respect to any of the claims of the complaint except the Patent Rights claim. Moreover, even with respect to the Patent Rights claim, Mr. Halpern now agrees that the claim should have been dismissed, but he argues that the dismissal should have been on a different ground. His appeal is directed solely at the court's decision to dismiss that claim under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Even though he argued in the district court that the court had jurisdiction over the Patent Rights claim, Mr. Halpern has reversed field in this court and now contends that the district court should have dismissed that claim under Rule 12(b)(1) for want of jurisdiction. Mr. Halpern has made clear that he is seeking dismissal on jurisdictional grounds, rather than on the merits, because he wishes to avoid the possible collateral estoppel effects of the district court's ruling that he validly assigned his potential inventorship rights when he executed the "Confidential Information and Invention Assignment Agreement" on March 29, 2005. A dismissal for lack of jurisdiction would not, of course, carry any such collateral estoppel consequences.

For the reasons set forth below, we do not agree with Mr. Halpern that the district court lacked jurisdiction to decide the Patent Rights claim. However, we conclude that the dismissal for failure to state a claim upon which relief can be granted should have been predicated solely on the fact that the patent applications in question had not issued as patents and that Mr. Halpern therefore did not have a cause of action in district court to contest the defendants' representations as to inventorship.

## II

Whether the district court possessed jurisdiction is a question of law that this court reviews de novo. *See Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006). When reviewing the application of the Federal Rules of Civil Procedure, we generally apply the law of the applicable regional circuit. *Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*, 109 F.3d 739, 744 (Fed. Cir. 1997). When deciding a motion to dismiss under Rule 12(b)(6), "[t]he district court must construe the complaint in a light most favorable to the plaintiff [and] accept all of the factual allegations as true." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

1. Mr. Halpern argues that the district court lacked jurisdiction over his Patent Rights claim and for that reason should have dismissed that claim under Rule 12(h)(3). According to Mr. Halpern, because the court lacked jurisdiction over the claim, it was error for the court to discuss the employment agreement and the question whether, as a result of that agreement, he validly assigned any patent rights he might have had in the two inventions at issue in this case. The defendants argue that the district court had jurisdiction over Mr. Halpern's Patent Rights claim and that the court properly dismissed that claim on the ground that Mr. Halpern assigned away any rights he might have had in the applications. Although we affirm the judgment of the district court, we disagree with both parties' arguments on appeal.

Mr. Halpern's argument ignores the well-established distinction between a dismissal for lack of federal jurisdiction and a dismissal for failure to state a federal claim.

When a party claims a right arising under federal law, the federal district court has jurisdiction to decide whether the plaintiff has a federal cause of action, and a decision that the plaintiff does not have a cause of action is a dismissal on the merits, not for lack of jurisdiction. As the Supreme Court stated in the seminal case of *Bell v. Hood*, 327 U.S. 678, 682 (1946), jurisdiction "is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Except in instances in which the averment of federal jurisdiction is "wholly insubstantial and frivolous," or clearly "immaterial and made solely for the purpose of obtaining jurisdiction," the Court explained, "the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.* at 682-83. The Court put the same point succinctly in *Burks v. Lasker*, 441 U.S. 471, 476 n.5 (1979), when it said, "The question whether a cause of action exists is not a question of jurisdiction." *See also Jackson Transit Auth. v. Local Div. 1285, Amalgamated Transit Union*, 457 U.S. 15, 21 n.6 (1982); *Litecubes, LLC v. N. Light Prods., Inc.*, 523 F.3d 1353, 1360-61 (Fed. Cir. 2008); *Lewis v. United States*, 70 F.3d 597, 602-04 (Fed. Cir. 1995).

In a recent case that is not materially distinguishable from this one, we held that an inventorship claim involving pending patent applications raises a question of federal patent law, but does not give rise to a private right of action that can be pursued in a district court. *HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F.3d 1347, 1353-54 (Fed. Cir. 2010). Accordingly, we held that "while the district court has jurisdiction over the cause of action, it should have dismissed the claim under Rule 12(b)(6) because no private right of action exists." *Id.* at 1354. Applying that rule to this case, we hold that the

district court correctly concluded that it had jurisdiction over the complaint and was not required to dismiss the complaint under Rule 12(b)(1) and Rule 12(h)(3).

2. While we agree with the defendants that the district court had jurisdiction to address the Patent Rights claim, we reject the defendants' contention that the court properly dismissed the complaint based on the assignment agreement that Mr. Halpern signed in March 2005. The court noted that the assignment agreement was referenced in the complaint, and under Sixth Circuit law the agreement was thus made part of the pleadings. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). The court then concluded that the assignment agreement "contradicts the plaintiff's assertion that he did not execute any patent assignments" and that the agreement conclusively established that Mr. Halpern had no inventorship rights in the stent compressing device or the cartridge device that he claims to have invented. In the district court and again on appeal, however, Mr. Halpern has alleged that the employment agreement was never fully executed and that he did not effectively assign his inventorship rights to PeriTec. For example, the complaint stated (1) that the contract "included specific conditions precedent to its enforcement"; (2) that one condition precedent was the execution of several documents, including an equity agreement, "prior to or on [Mr. Halpern's] Start Date"; (3) that Mr. Halpern did not receive the equity agreement "until months later"; and (4) that Mr. Halpern "did not execute the [e]quity [a]greement." Mr. Halpern also alleged that he "refused to execute" a patent assignment in November 2006, and that the inventions "were clearly outside the job description in the [employment] agreement." Based on those factual allegations challenging the validity of the purported assignment, we hold that the question whether

Mr. Halpern has surrendered any rights in the pending patent applications presents a factual question, the resolution of which goes beyond what the court was authorized to do based on the pleadings alone. *See Tatum*, 58 F.3d at 1109. Because the district court did not accept all of the factual allegations in the complaint as true, we cannot sustain its Rule 12(b)(6) dismissal on that basis. Instead, the district court's Rule 12(b)(6) dismissal properly rests not on the factual issue of assignment, but on the legal ground that there is no "private right of action to challenge inventorship of a pending patent application." *HIF Bio*, 600 F.3d at 1354.

3. To the extent that Mr. Halpern seeks injunctive relief independent of his inventorship claim, he still fails to state a claim upon which relief could be granted. While Mr. Halpern stated before the district court that "[f]ederal law creates a cause of action for an injunction during the pendency of a patent application," there is no legal basis for that assertion. To the contrary, an injunction is an equitable remedy for a violation of a right, and any injunction therefore must be predicated on a viable cause of action. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006). In his complaint, Mr. Halpern does not allege any violation of a right that could give rise to a right to injunctive relief, whether pertaining to inventorship or otherwise. Therefore, we affirm the district court's dismissal of Mr. Halpern's Patent Rights claim under Rule 12(b)(6), but we do so without deciding whether or not Mr. Halpern assigned his alleged rights in the patent applications to PeriTec.

Each party shall bear its own costs for this appeal.

**AFFIRMED**